**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4341-19

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE,
ON BEHALF OF THE HOLDERS
OF THE CSMC MORTGAGE-
BACKED PASS-THROUGH
CERTIFICATES, SERIES 2007-1,

    Plaintiff-Respondent,

v.

RAMON A. REYES,

    Defendant-Appellant,

_____

Submitted November 30, 2021 – Decided December 14, 2021

Before Judges Mayer and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-006114-19.

Ramon A. Reyes, appellant pro se.

Zeichner Ellman & Krause LLP, attorneys for respondent (Kerry A. Duffy and BJ Phoenix Finneran, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Ramon A. Reyes appeals from a May 11, 2020 order denying his motion to vacate a July 8, 2019 final judgment.[1]  We affirm.

I.

On October 24, 2006, defendant executed a $225,000 promissory note with Credit Suisse Financial Corporation.  As security for repayment, he also agreed to encumber his Elizabeth home with a mortgage in the same amount with Credit Suisse identified as the lender and Mortgage Electronic Registration Systems, Inc. (MERS), as mortgagee.  The mortgage was thereafter assigned on May 25, 2011 by MERS to plaintiff, U.S. Bank National Association as trustee, on behalf of the holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1 (U.S. Bank).

Approximately five years later, on May 12, 2016, U.S. Bank's loan servicer, Select Portfolio Servicing, Inc. (Select), agreed with defendant to modify his obligations under the original loan documents by altering his payment obligations while simultaneously increasing the principal balance under the note to $381,010.10.  After defendant failed to make his November 1,

---

[1]  In an October 5, 2020 order, we limited our review to the May 11, 2020 order.

2018 payment as required by the modification agreement, U.S. Bank filed a foreclosure complaint on March 29, 2019.

In its complaint, U.S. Bank contended it was the holder of the note and demanded full payment of all amounts due plus interest. It further alleged it "fully complied" with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68, and stated it served defendant with a notice of intention to foreclose thirty days before filing the complaint consistent with the FFA. Further, counsel for U.S. Bank certified he communicated with an employee of Select who reviewed the complaint and confirmed the accuracy and content of the factual statements asserted.

After defendant failed to respond to the complaint, U.S. Bank moved for entry of default, which the court granted on May 21, 2019. In support of its application, it provided an affidavit of service evidencing defendant was personally served at his Elizabeth residence on April 2, 2019, with the summons, complaint, and relevant mediation documents. Counsel for U.S. Bank also certified that on May 30, 2019, it sent defendant via regular and certified mail a notice to cure pursuant to N.J.S.A. 2A:50-58, and a notice of intention to enter final judgment.

A-4341-19

On June 19, 2019, plaintiff moved for final judgment. Counsel for U.S. Bank attested he mailed defendant by certified and regular mail the: 1) notice of motion, 2) certification of amount due prepared by Palina Thorsted, a Document Control Officer at Select, and 3) certification of diligent inquiry. In her certification, Thorsted stated that defendant's default remained outstanding, and he owed an unpaid balance of $391,998.08. She also certified that plaintiff, "directly or through an agent, ha[d] possession of the [n]ote," which she appended, and confirmed she had "thoroughly reviewed [Select's] business records concerning the [n]ote and [m]ortgages [as] described in the . . . complaint."

On July 8, 2019, a motion judge granted U.S. Bank final judgment finding it was entitled to $391,998.08 plus interest, as well as counsel fees of $4,069.98. Plaintiff's counsel certified he mailed defendant a copy of the judgment of foreclosure the next day to his residence in Elizabeth.

Nine months later, on April 8, 2020, and after the property was sold at a sheriff's sale to a third-party bidder, defendant filed a motion to vacate the final judgment under Rule 4:50-1(d). In support of his application, defendant certified he did not receive any notice of the foreclosure action, and disputed that he was personally served on April 2, 2019, with the complaint. He

4

maintained that the description on the affidavit of service did not correctly identify him, and also claimed that he did not learn about the foreclosure action until an unknown person came to his property seeking his removal from his home.  Defendant also challenged the "validity of the note and mortgage, [and] whether the loan is in default" because "Union [C]ounty records do not show that there was a valid conveyance of the [n]ote" to plaintiff and he never received notice of an assignment.  He also provided a proposed contesting answer.

On May 11, 2020, a second motion judge denied defendant's application. In his accompanying written statement of reasons, the judge concluded that defendant failed to meet the standard to vacate a final judgment under Rule 4:50-1(d).  The judge rejected defendant's challenges to U.S. Bank's service of the complaint and found that the description of defendant made by the process server was nearly "identical" to his driver's license photograph.  The judge explained defendant's challenges to the service of the complaint "amount[ed] to mere doubt" unsupported by any corroborating evidence.

The judge also rejected defendant's contention that his failure to answer the complaint was excusable or that he had a meritorious defense.  He explained that U.S. Bank established a prima facie right to foreclose as it had standing, defendant was in default, and U.S. Bank provided a compliant certification in

accordance with the Rules establishing the amount due under the note. Defendant later moved for reconsideration, which the same motion judge denied on July 10, 2020.

Before us, defendant argues in a single point that the judge erred in denying his application under Rule 4:50-1(d) and, for the first time on appeal, subsection (f), because:  1) he was not provided with required notices under the FFA, and he was never personally served with a copy of the summons or complaint, rendering the final judgment void, 2) U.S. Bank failed to establish standing to prosecute the foreclosure as it did not possess the note prior to filing the complaint, and 3) he was not in default.  We disagree with all these arguments and affirm for the reasons expressed in the judge's May 11, 2020 written statement of reasons accompanying his order denying defendant's motion to vacate.  We provide the following comments to amplify our decision and to address those arguments defendant raises for the first time on appeal.

II.

We review a trial court's grant or denial of a Rule 4:50-1 motion with substantial deference and will not reverse it "unless it results in a clear abuse of discretion."  Ibid.  "[A]n abuse of discretion occurs when a decision is 'made without a rational explanation, inexplicably departed from established policies,

or rested on an impermissible basis.'" Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012) (alteration in original).

Rule 4:50-1 authorizes a court to

> relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

"The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Mancini v. Elec. Data Sys. Corp. ex rel N.J. Auto Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)).

Defendant argues under Rule 4:50-1(d) that the July 8, 2019 final judgment is void because U.S. Bank never served him with the complaint. Even

7

if we were to consider defendant's nine-month delay in filing his application to vacate the final judgment reasonable under Rule 4:50-2, we are satisfied from a review of the record that the court did not abuse its discretion in denying relief under Rule 4:50-1(d).

Rule 4:4-4(a)(1) permits service of a complaint "by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of [fourteen] or over then residing therein." The submission of competent evidence indicating "compliance with the pertinent service rule" is "prima facie evidence that service was proper." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 426 (App. Div. 2003) (citing Garley v. Waddington, 177 N.J. Super. 173, 180 (App. Div. 1981)). "While the presumption that these facts are true is a rebuttable one, 'it can be rebutted only by clear and convincing evidence that the return is false.'" Resol. Tr. Corp. v. Associated Gulf Contractors, Inc., 263 N.J. Super. 332, 344 (App. Div. 1993) (quoting Garley, 177 N.J. Super at 180-81).

Here, the affidavit of service submitted by U.S. Bank established that defendant was personally served on April 2, 2019, and he provided no explanation to challenge this "prima facie evidence" of proper service. Jameson,

363 N.J. Super. at 426. Indeed, defendant never contended that he was not residing at the address where he was served. Further, as the court explained, the process server's description of defendant was consistent with a number of his physical characteristics, and defendant failed to even assert that no one else resided in the home who could have accepted service of the complaint on his behalf. In the face of this evidence, defendant's certification consisted of only his uncorroborated testimony, which is insufficient to rebut the presumption of proper service. Resol. Tr. Corp., 263 N.J. Super. at 344.

Further, to the extent defendant relies on Rule 4:50-1(d) to support his claim that U.S. Bank did not have standing, we reject that argument for two independent reasons. First, as we explained in Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012), "standing is not a jurisdictional issue in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)."

Second, to establish standing in a foreclosure action, "a party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). We have

held that "possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)). Here, U.S. Bank possessed a valid assignment well before it filed the foreclosure complaint. Further, defendant's arguments ignore the attestations in Thorsted's certification, his payments on the initial note for years after the 2011 assignment, and the loan modification he entered with Select, U.S. Bank's authorized loan servicer, under which he made monthly mortgage payments until his default.

III.

Defendant also contends for the first time on appeal that the court erred in denying his motion to vacate under Rule 4:50-1(f). Generally, we will not consider arguments not properly presented in the first instance to the trial court, unless the issue raised relates to the jurisdiction of the trial court or concerns a matter of great public interest. Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973). Neither exception applies here. We nevertheless address the merits of plaintiff's argument for the sake of completeness.[2]

---

[2] Defendant also appears to challenge the court's finding that he failed to establish excusable neglect or a meritorious defense, considerations under Rule

Subsection (f) is a catch-all provision that authorizes a court to relieve a party from a judgment or order for "any other reason justifying relief from the operation of the judgment or order." R. 4:50-1(f). "Because of the importance that we attach to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'" Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). "The rule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Guillaume, 209 N.J. at 484 (quoting Little, 135 N.J. at 289).

We are satisfied that a grave injustice would not occur in this case absent the grant of relief under Rule 4:50-1(f). U.S. Bank clearly established the validity of the mortgage, defendant's default, the amount of the debt owed, and its right to foreclose. See Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993) (citations omitted) ("The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises."); Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952).

---

4:50-1(a). Although he does not rely on subsection (a) before us, we have nevertheless considered defendant's arguments on the merits and reject them for the reasons expressed by the second motion judge and as detailed in our opinion.

A-4341-19

We also reject defendant's challenge to the final judgment based on U.S. Bank's alleged failure to send timely notices under the FFA. Before a party can initiate foreclosure on a "residential mortgage," it is obligated under the FFA to "give a notice of intention, which shall include a notice of the right to cure the default." N.J.S.A. 2A:50-56(a). The remedy for violations of this notice requirement have been "case-specific" and rest in equity, ranging from dismissal without prejudice to a right to correct during the pendency of a foreclosure action. Guillaume, 209 N.J. at 477-78.

First, and contrary to defendant's argument, violations of the FFA do not establish "a 'meritorious defense' . . . within the meaning of Rule 4:50-1(a)." Id. at 480. Second, the record establishes plaintiff's compliance with the FFA, and, in any event, any defects would not warrant vacating the final judgment under the facts presented. It is well settled that there is "a presumption that mail properly addressed, stamped, and posted was received by the party to whom it was addressed." SSI Med. Servs., Inc. v. Dep't of Human Servs., 146 N.J. 614, 621 (1996). Certification of these steps are sufficient to invoke this presumption, but any sworn statement should be made by "someone with personal knowledge of the mailing policies." See State v. Eatontown Borough, 366 N.J. Super. 626, 639-40 (App. Div. 2004); Calabrese v. Selective Ins. Am.,

297 N.J. Super. 423, 436-37 (App. Div. 1997) (finding the presumption of mailing not available when the person certifying had no personal knowledge of the mailing policies and other portions of the record contradicted a finding of mailing).

Defendant was served properly with the complaint, and plaintiff's attorney provided multiple certifications attesting that he sent defendant status updates of the proceedings, including an FFA-compliant notice to cure. It is clear defendant had ample notice of the proceedings, and failed to remedy his default under the modification agreement.

All other arguments presented by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4341-19