833 A.2d 626 (2003)
363 N.J. Super. 419
Frederick JAMESON and Susan Jameson, Plaintiffs-Respondents,
v.
GREAT ATLANTIC AND PACIFIC TEA COMPANY, and A & P Supermarkets, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 2003.
Decided October 20, 2003.
*628 Stanley Fishman argued the cause for appellant (Fishman & Callahan, attorneys; Lauren B. DiSarno, on the brief).
Stephen J. Alexander argued the cause for respondents (Frey, Petrakis, Deeb, Blum, Briggs & Mitts, attorneys; Joseph H. Blum and Mr. Alexander, on the brief).
Before Judges STERN, A.A. RODRÍGUEZ[1] and LEFELT.
*627 The opinion of the court was delivered by *629 LEFELT, J.A.D.
Plaintiff Frederick Jameson fell on melted ice cream in the frozen food aisle of a Morris County supermarket owned by defendant, The Great Atlantic and Pacific Tea Company (A & P). Plaintiff and his wife live in Warren County and filed suit in Middlesex County. Even though A & P's corporate office is located in Montvale, plaintiff contends that A & P was properly served when a Middlesex County sheriff officer left the summons and complaint with the head cashier, Kelly A. Indyk, at the courtesy counter of one of A & P's markets in Edison, a town in Middlesex County. The sheriff officer's return of service indicated that Indyk was authorized to receive process. A & P failed to answer plaintiff's complaint, and plaintiff eventually obtained a $115,000 default judgment, which was soon after recorded as a lien.
A & P now appeals from the trial judge's denial of its three motions attempting to vacate the default judgment. A & P argues before us, as it did in the trial court, that because service was defective, plaintiff's judgment was void and should have been vacated. We reverse and remand for further proceedings.

I.
We add some procedural facts to place the dispute in more precise focus. Before filing its complaint, plaintiff's attorney had some communications with Crawford & Company, A & P's claims administrator. At no point, before or after beginning this lawsuit, did plaintiff's counsel inform Crawford that a complaint was either imminent or filed. Similarly, the record does not reflect that counsel contacted Crawford after the corporation failed to answer by October 16, 2001.
Instead, plaintiff's counsel obtained a default, certifying that the Middlesex County sheriff officer, on September 10, 2001, had personally served A & P. Counsel attached a copy of the officer's affidavit of service containing a check mark next to served an "agent authorized to accept service," with the cashier Indyk's signature as the person served.
On March 5, 2002, via overnight mail to the Edison supermarket, plaintiff's counsel attempted to notify A & P of a doctor's deposition scheduled for March 8, 2002. On March 6, 2002, Indyk called plaintiff's counsel inquiring about the deposition. Counsel informed Indyk that plaintiff filed a complaint against A & P and the sheriff had left it with the store. Counsel further certifies, "Ms. Indyk asked who accepted service and I read her the Affidavit of Service with her name and signature. Ms. Indyk replied, `That's me.'" Plaintiff's counsel further certifies that he "informed Ms. Indyk that Defendant had not entered an appearance or filed a responsive pleading... [and] notified Ms. Indyk of the status of default and ... she should contact Defendant's attorneys and have them contact me." In response, plaintiff's counsel certifies that Indyk explained, "the mail run doesn't go out until Sunday," to which counsel replied "the deposition would go forward unless we hear from Defendant's attorneys."
On March 8, 2002, again via overnight mail to the Edison market, plaintiff's counsel attempted to notify A & P of a proof hearing scheduled for March 14, 2002 in Middlesex County. A & P failed to appear at the proof hearing and the trial judge granted plaintiff's motion and on March 20, 2002 awarded plaintiff the default judgment at issue in this case. Plaintiff recorded the judgment as a lien on March 26, 2002.
A & P's first motion to vacate the default judgment was made soon after plaintiff *630 attempted to execute on the judgment. As previously indicated, A & P made three motions attempting to vacate the default judgment. As support for its position, A & P supplied an attorney's certification indicating that Indyk was neither a manager nor an agent authorized to accept service, and that Indyk told the attorney that the sheriff's officer never asked Indyk whether she was so authorized. Furthermore, A & P's attorney certifies Indyk "never represent[ed] to anyone that she was so authorized."

II.
It is elementary that service must be accomplished in accordance with the pertinent rules in such a way as to afford "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Davis v. DND/Fidoreo, Inc., 317 N.J.Super. 92, 97, 721 A.2d 312 (App.Div.1998), certif. denied sub nom., Davis v. Surrey Downs/Fidoreo, Inc., 158 N.J. 686, 731 A.2d 45 (1999) (quoting from Mullane v. Cent. Hanover & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950)).
When "a default judgment is taken in the face of defective personal service, the judgment is [generally] void." Rosa v. Araujo, 260 N.J.Super. 458, 462, 616 A.2d 1328 (App.Div.1992), certif. denied, 133 N.J. 434, 627 A.2d 1140 (1993). A default judgment will be considered void when a substantial deviation from service of process rules has occurred, casting reasonable doubt on proper notice. Sobel v. Long Island Entm't Prod., Inc., 329 N.J.Super. 285, 293-94, 747 A.2d 796 (App.Div.2000). Such a judgment will usually be set aside under R. 4:50-1(d). If defective service renders the judgment void, a meritorious defense is not required to vacate the judgment under R. 4:50-1(d).
With these basic principles in mind, it is instructive to detail each of the various relevant proof burdens pertaining to this dispute. Because A & P sought to vacate a default judgment, it had the overall burden of demonstrating that its failure to answer or otherwise appear and defend should be excused. Eg. Resolution Trust Corp. v. Associated Gulf Contractors, 263 N.J.Super. 332, 340, 622 A.2d 1324 (App.Div.), certif. denied, 134 N.J. 480, 634 A.2d 527 (1993).
Also, in this case the sheriff's affidavit of service placed another burden on A & P. A "sheriff's return of service is part of the record and raises a presumption that the facts recited therein are true." Resolution Trust Corp., supra, 263 N.J.Super. at 343, 622 A.2d 1324 (quoting Garley v. Waddington, 177 N.J.Super. 173, 180, 425 A.2d 1084 (App.Div.1981)); Intek Auto Leasing v. Zetes Microtech Corp., 268 N.J.Super. 426, 433, 633 A.2d 1029 (App.Div.1993); Goldfarb v. Roeger, 54 N.J.Super. 85, 90, 148 A.2d 189 (App.Div. 1959). Because the sheriff's return facially indicates compliance with the pertinent service rule, it is prima facie evidence that service was proper. Garley, supra, 177 N.J.Super. at 180, 425 A.2d 1084.
If Indyk was authorized to accept service on behalf of A & P, service upon the corporation was proper under R. 4:4-4(a)(6), which permits service upon "any person authorized by appointment ... to receive service of process on behalf of the corporation." Therefore, because of the presumption, if A & P failed to produce any evidence "tending to disprove" the sheriff's return, there would be no basis to vacate the default judgment. N.J.R.E. 301. In that contingency, A & P would have failed to demonstrate a reasonable excuse for its failure to appear and have *631 been unsuccessful in meeting its overall burden of proving sufficient reason for vacating the default judgment under R. 4:50-1.
In order for the sheriff's return to be established as false, clear and convincing evidence must be submitted. Resolution Trust Corp., supra, 263 N.J.Super. at 344, 622 A.2d 1324; Garley, supra, 177 N.J.Super. at 180-81, 425 A.2d 1084; Seymour v. Nessanbaum, 120 N.J. Eq. 24, 25, 184 A. 403 (Ch.1936).
If some evidence is presented tending to disprove the return, but is not sufficient to establish that the return is false, the presumption is nevertheless eliminated from the case. "If the opposing party introduces evidence `tending to disprove' the presumed fact, the presumption disappears." Ahn v. Kim, 145 N.J. 423, 439, 678 A.2d 1073 (1996) (quoting N.J.R.E. 301).
"A presumption ... is no substitute for affirmative proofs." State v. Cuccio, 350 N.J.Super. 248, 257, 794 A.2d 880 (App.Div.), certif. denied, 174 N.J. 43, 803 A.2d 638 (2002). "The function of a presumption is to allocate the burden of producing evidence; it should not be used as a surrogate for substantive evidence or as a substitute for satisfying the burden of proof assigned by law." Id. at 257 (internal citations omitted). Thus, "a valid presumption can be used to establish a prima facie case, but the presumption normally disappears in the face of conflicting evidence." Biunno, Current N.J. Rules of Evidence, comment on N.J.R.E. 301 (2003) (quoting the 1991 Supreme Court Committee Comment).
Here, A & P submitted an attorney's certification to attempt to rebut the presumption created by the sheriff's return of process. A & P did not produce Indyk's, the sheriff officer's or any corporate officer's certification. Instead, A & P simply submitted counsel's certification which utilized hearsay to assert that Indyk was not authorized and never told the sheriff officer that she was authorized to accept process on behalf of A & P. This certification was inadequate to establish that Indyk was not authorized. See Claypotch v. Heller, Inc., 360 N.J.Super. 472, 489, 823 A.2d 844 (App.Div.2003). The attorney's certification alone, does not contain admissible evidence, and would be insufficient to demonstrate that the sheriff's return was false. Cf. Garley, supra, 177 N.J.Super. at 181, 425 A.2d 1084 ("generally ... uncorroborated testimony of the defendant alone is not sufficient to impeach the return.").
Defendant did however present some evidence that "tend[ed] to disprove" the sheriff's return. N.J.R.E. 301. First, A & P pointed out that plaintiff never advised A & P's claims administrators of any imminent law suit. While such notification is not legally required, its absence heightens suspicion of the unusual method plaintiff chose to attempt to accomplish service on A & P.
Second, defendant demonstrated that plaintiff chose to serve a large multi-million dollar supermarket corporation with a New Jersey corporate office by leaving suit papers with a cashier in a local market. There was no proof that Indyk was "sufficiently integrated" with the corporation to give the sheriff confidence that she had authority to receive service. O'Connor v. Altus, 67 N.J. 106, 128, 335 A.2d 545 (1975). When serving a corporate representative, the person served "should be so integrated with the organization that he [or she] will know what to do with the papers and that he or she should stand in a position as to render it fair, reasonable and just to imply the authority to receive service." Ibid. The method of service chosen by plaintiff in this case *632 cannot be considered reasonably calculated to result in proper notification of the corporation.
Third, there is doubt present on the record regarding A & P's actual receipt of the process. Given the speed and diligence with which A & P moved to attempt to vacate the default judgment once it was apprised of the suit, we have serious reservations that Indyk forwarded the suit papers to any A & P official with authority to begin a defense.
Plaintiff cites the telephone conversation Indyk had with plaintiff's counsel after receiving the deposition notification as evidence of Indyk's authorization to accept service for A & P and evidence of actual notice. We do not view Indyk's conversation as persuasive evidence of authorization or notice. The conversation is inconclusive and reveals confusion on Indyk's behalf.
In our view, the uncontested evidence presented by A & P together with reasonable inferences that can be drawn from the evidence "tend[ed] to disprove" the presumption that Indyk was authorized to accept service on behalf of A & P, even if the evidence was insufficient to demonstrate that the sheriff's return was in fact false. N.J.R.E. 301. Once the presumption is removed from plaintiff's case, it remains plaintiff's overall burden of persuasion to demonstrate that service upon A & P was achieved by serving Indyk.
Here, plaintiff relies exclusively on the rule permitting service upon a corporation by delivering the summons and complaint to an "authorized" person. R. 4:4-4(a)(6). If Indyk was authorized, then service was valid. If she was not authorized, however, then service was invalid and, in this case, the default judgment would be void. Rosa, supra, 260 N.J.Super. at 462, 616 A.2d 1328.
"[P]laintiff has the burden of showing that an alleged agent has specific authority, express or implied, for the receipt of process." Zoning Bd. of Adjustment of Sparta v. Serv. Elec. Cable T.V. of N.J., Inc., 198 N.J.Super. 370, 377, 487 A.2d 331 (App.Div.1985) (citing Local 617 v. Hudson Bergen Trucking Co., 182 N.J.Super. 16, 19-20, 440 A.2d 18 (App. Div.1981)); see Richards v. N.Y. State Dep't of Corr. Servs., 572 F.Supp. 1168, 1173 (S.D.N.Y.1983).[2] "[I]n the absence of circumstances which clearly show that [an agency agreement] was intended by the parties, authorization to accept service of process on behalf of a corporation ... would not be deemed to exist." Zoning Bd. of Adjustment of Sparta, supra, 198 N.J.Super. at 377, 487 A.2d 331 (quoting Local 617, supra, 182 N.J.Super. at 20, 440 A.2d 18). The mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to do so. Local 617, supra, 182 N.J.Super. at 20, 440 A.2d 18; Lamont v. Haig, 539 F.Supp. 552, 557 (D.S.D.1982); 2 Moore's Federal Practice ¶ 4.12 (2d ed.1982); 4A. Wright and Miller, Federal Practice and Procedure § 1097, 1101 (3d ed.2002).
In opposing A & P's motions, plaintiff's counsel did not provide the court with any evidence supporting the method it chose to attempt service. Other than Indyk's conversation with plaintiff's counsel, which we have found to be inconclusive, plaintiff relies exclusively on the sheriff's return of process as the most persuasive evidence of *633 Indyk's authorization to receive service on behalf of A & P.
Plaintiff's accident occurred in a Morris County A & P, plaintiff lives in Warren County, plaintiff's attorneys are Philadelphia attorneys with an office in Cherry Hill, Camden County, and the Middlesex County sheriff was requested to effect service by delivering the summons and complaint to a Middlesex County supermarket that had no connection with the accident. Counsel provided the court with no indication of why this specific market was selected for service or why the officer left suit papers with this particular cashier. Corporations are deemed to exist and are amenable to valid service where they do business, but that does not lead to the conclusion "that service on any corporate personnel is of itself valid service on the corporation." Gottlieb v. Sandia Am. Corp., 452 F.2d 510, 514 (3d Cir.), cert. denied sub nom., Wechsler v. Gottlieb, 404 U.S. 938, 92 S.Ct. 274, 30 L.Ed.2d 250 (1971). Prudent lawyering would have resulted in further evidence from plaintiff, if any existed. Consequently, we conclude that in this case plaintiff has failed to demonstrate that service upon Indyk was proper under R. 4:4-4(a)(6), despite the sheriff officer's return.
A & P was seeking relief from a default judgment; its' application was entitled to be treated indulgently. Davis, supra, 317 N.J.Super. at 100, 721 A.2d 312. In our view, a "`more liberal disposition' of the motion" was warranted. Ibid. (quoting Goldfarb, supra, 54 N.J.Super. at 92, 148 A.2d 189). The default judgment should have been set aside "to the end of securing a trial upon the merits." Goldfarb, supra, 54 N.J.Super. at 92, 148 A.2d 189. The trial court's failure to do so constituted an abuse of discretion. Mancini v. EDS, 132 N.J. 330, 334, 625 A.2d 484 (1993).
Finally, we point out that while venue in this matter appears proper under R. 4:3-2, this resolution does not foreclose a proper motion by A & P seeking to transfer venue to another county.
Reversed and remanded for further proceedings consistent with this decision.
NOTES
[1] Judge Rodríguez did not participate in oral argument, but has, with the consent of counsel, joined in this opinion. R. 2:13-2(b).
[2] Fed.R.Civ.P. 4(h)(1), like R. 4:4-4(a)(6), permits service on a corporation "by delivering a copy of the summons and of the complaint to... any other agent authorized by appointment or by law to receive service of process."