**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0272-17T2

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
("FANNIE MAE"), a corporation
organized and existing under the
laws of the United States of
America,

     Plaintiff-Respondent,

v.

JUDY LOWY and
MYER ZIEGELHEIM,

     Defendants-Appellants.

_____

Submitted September 27, 2018 – Decided October 15, 2018

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-050800-10.

Judy Lowy and Myer Ziegelheim, appellants pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Brian J. Yoder, on the brief).

PER CURIAM

In this mortgage foreclosure action, plaintiff Federal National Mortgage Association obtained a default final judgment of foreclosure (judgment) against defendant Judy Lowy. After the subject property was sold at sheriff's sale, defendant moved pursuant to Rule 4:50-1(d) and (f) to set aside the sheriff's sale, vacate the judgment, and dismiss the amended complaint on the ground of defective service of process. On August 4, 2017, the trial court entered an order denying defendant's motion, from which she now appeals. We affirm.

In 2005, defendant borrowed $264,750 from plaintiff's predecessor, Everbank, and executed a purchase money mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Everbank. The mortgage was secured by property defendant owned in Lakewood. In March 2010, defendant made her last mortgage payment.

In October 2010, Mortgage Electronic Registration Systems, Inc. as nominee for Everbank, assigned the mortgage to Citimortgage, Inc. Later that month, Citimortgage, Inc., filed a complaint in foreclosure. After several unsuccessful attempts to serve defendant personally at the mortgaged premises, Citimortgage, Inc., investigated whether defendant had moved from the property. Citimortgage, Inc. subsequently ascertained defendant had

moved to Brooklyn and obtained a specific address it concluded was defendant's residence. A process server attempted but was unable to serve defendant personally at such address.

Citimortgage, Inc., made further inquiry to determine if the Brooklyn address was in fact defendant's. Citimortgage, Inc., contacted the United States Postal Service and other government institutions. As a result of that search it determined defendant's address was likely the one in Brooklyn where it had attempted to serve defendant personally. Citimortgage, Inc., mailed a copy of the complaint to defendant at the Brooklyn address by regular and certified mail, return receipt requested. Although the certified mail was returned unclaimed, the regular mail was not. Defendant did not file a responsive pleading, and default was entered.

In February 2014, Citimortgage, Inc., assigned the mortgage to plaintiff. Because of that assignment, on November 21, 2014, plaintiff filed an amended complaint in foreclosure. A process server made several unsuccessful attempts to serve defendant personally with the amended complaint at the Brooklyn address. However, according to a process server's affidavit of service, on December 30, 2014, defendant was personally served with the amended complaint at the mortgage premises. Defendant did not file a responsive pleading to the amended complaint and, eventually, judgment was entered for

$395,348.10. In April 2017, the property was sold at sheriff's sale to a third-party bidder for $351,000. The sheriff issued a deed to that third-party on April 24, 2017, and the deed was recorded July 11, 2017.

On July 14, 2017, defendant filed the motion to set aside the sale, vacate the judgment, and dismiss the amended complaint. That motion was denied by order dated August 4, 2017, the order from which defendant appeals. In her motion before the trial court, defendant argued she was not served with either complaint. It is not clear from the record if, when before the trial court, defendant argued, as she does on appeal, that she fit the age or the height of the person described in the affidavit of service as the person who was personally served. However, we glean from the record defendant failed to provide the evidence necessary to successfully overcome or at least create a question of fact challenging the process server's conclusion the person he served with the amended complaint was defendant.

On appeal, defendant contends the trial court erred when it denied the subject motion because: (1) it failed to conduct an evidentiary hearing before denying the motion; (2) defendant's husband was not named as a party defendant in the amended complaint; and (3) plaintiff's claims were precluded by the doctrine of unclean hands.

A motion to vacate a default judgment for lack of service is governed by Rule 4:50-1(d), which authorizes a court to relieve a party from a final judgment if "the judgment or order is void." "A default judgment will be considered void when a substantial deviation from service of process rules has occurred, casting reasonable doubt on proper notice." Jameson v. Great Atl. and Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003).

Whether a party has been served is a question of proof. A sheriff's return of service is presumed correct, and may be rebutted only by clear and convincing evidence. Id. at 426. "[U]ncorroborated testimony of the defendant alone is not sufficient to impeach the return." Goldfarb v. Roeger, 54 N.J. Super. 85, 90 (App. Div. 1959). Thus, a defendant's bald assertion the sheriff's return is false does not overcome the presumption. Resolution Trust Corp. v. Associated Gulf Contractors, Inc., 263 N.J. Super. 332, 344 (App. Div. 1993). Rule 4:4-3 was amended in 2000 to permit service by private process servers who do not have an interest in the litigation. See Pressler Current N.J. Court Rules, cmt. on R. 4:4-3 (2002). Consistent with this policy decision to entrust disinterested persons with the responsibility to serve process, the presumption of correctness extends to their affidavits of service as well.

Here, defendant's mere assertion she was not the person served does not rebut the presumption arising from the process server's affidavit of service.

Uncorroborated assertions cannot overcome the presumption of correctness that attaches to the process server's affidavit of service. See Garley v. Waddington, 177 N.J. Super. 173, 180-81 (App. Div. 1981). When before the trial court, defendant could have but failed to provide documentation or other evidence that refuted or at least challenged the process server's assessment of her age and height. Defendant also could have provided other evidence to show or at least raise a question of fact whether she was the person who was served. Not having done so, we cannot conclude the court erred when it denied the motion, let alone erred by failing to conduct an evidentiary hearing.

We have considered defendant's remaining arguments and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6