**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3908-22

LINDA FUNDING LLC,

     Plaintiff-Respondent,

v.

OPTION ONE DEVELOPMENT
CORP.,

     Defendant,

and

SHASTRI PERSAD,

     Defendant-Appellant.

_____

Submitted May 29, 2024 – Decided July 9, 2024

Before Judges Natali and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8221-07.

Shastri Persad, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

In this one-sided appeal, defendant Shastri Persad appeals from the Law Division's orders dated June 19, 2023, denying his motion to vacate final judgment by default and August 4, 2023, denying his motion to reconsider that order. We affirm.

The details of the underlying action are not contained in the record before us. We glean from the sparse record provided that plaintiff Linda Funding LLC obtained an order of final judgment by default against defendant on May 20, 2008. On December 30, 2022, defendant filed a motion to vacate judgment pursuant to Rule 4:50-1(d). His accompanying certification stated he had not been served with the summons and complaint, and claimed he had a meritorious defense. On June 19, 2023, the court issued an order denying the motion, stating "Denied because [defendant] did not provide in detail a meritorious defense and did [not] state exactly when he found out about the judgment."

On June 30, 2023, defendant filed a motion for reconsideration, reiterating his contention the record did not contain proof of service. On August 4, 2023, the court issued an order denying the motion and noting the following:

> Statement of Reasons:
>
> 1. Default judgment was entered on [May 20, 2008].

2. [Defendant] never explained why he was not served with the complaint.

3. [Defendant] never explained when he found out about the lawsuit.

4. [Defendant] never explained a meritorious defense.

We review the trial court's decision on a motion to vacate a default judgment for abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "The trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be clear to warrant reversal. Ibid.

We likewise review the trial court's decision on whether to grant or deny a motion for reconsideration under Rule 4:49-2 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (citing Kornbleuth v. Westover, 241 N.J. 289, 301 (2020)). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Pitney Bowes Bank, Inc. v. ACB Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks and citation omitted)).

3

Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Rather, reconsideration

> should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

On appeal, defendant asks us to "decide whether the trial court failed to provide adequate findings of fact and conclusion[s] of law supporting its decisions." Having considered defendant's arguments in light of the record and applicable legal principles, we affirm.

Defendant filed his motion pursuant to Rule 4:50-1(d), which permits a party to seek to vacate a default judgment by demonstrating the judgment or order is void. In such cases, the movant has "the overall burden of demonstrating that its failure to answer or otherwise appear and defend should be excused." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003). A motion brought under this rule "shall be made within a

4

reasonable time, . . . after the judgment, order or proceeding was entered or taken." R. 4:50-2.

Here, the trial court denied the motion to vacate because defendant failed to explain when he found out about the judgment, a fact necessary to the court's determination of whether the motion had been brought within a reasonable time. Without an explanation of why he filed the motion fourteen and a half years after judgment was entered, there was no factual predicate to establish his delay in filing the motion was reasonable and therefore defendant was not entitled to the relief he sought. Because defendant's motion for reconsideration did not cure this defect, the court properly denied that motion as well.

Defendant correctly points out that a motion to vacate brought under Rule 4:50-1(d), does not require the movant to demonstrate a meritorious defense in order to obtain relief. Jameson, 363 N.J. Super. at 425. In that regard, the court's orders contained an error in reasoning. However, given the other fatal deficiency in defendant's motions, we are unpersuaded the court's denial of either motion constituted an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3908-22