**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0488-23

MALGORZATA BARLIK,

    Plaintiff-Respondent,

v.

DR. ARTHUR SZABELA and
GARDEN STATE DENTAL
DESIGN,

    Defendants-Appellants.

_____

Argued June 3, 2024 – Decided September 30, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-3379-20.

Douglas F. Ciolek argued the cause for appellants (Rosenberg Jacobs Heller & Fleming, PC, attorneys; Sam Rosenberg, of counsel; Brian Brenner and Douglas F. Ciolek, on the briefs).

Steven P. Lombardi argued the cause for respondent.

PER CURIAM

Defendants Dr. Arthur Szabela and Garden State Dental Design appeal from the Law Division's September 8, 2023 order denying their motion to vacate a 2021 final default judgment pursuant to Rule 4:50-1(d) and Rule 4:50-2. We conclude defendants claims on appeal are without merit and affirm.

We glean from the sparse motion record provided that on October 13, 2020, plaintiff Malgorzata Barlik filed a complaint against defendants alleging multiple theories of negligence, dental professional malpractice, and a lack of informed consent. Defendants did not timely answer or otherwise respond.

On January 11, 2021, plaintiff requested the entry of default against defendants pursuant to Rule 4:43-1. In that regard, plaintiff's counsel certified defendants were served with a letter and a copy of counsel's certification by regular mail at the same address where personal service was made. Plaintiff's counsel also certified that personal service of the complaint was effectuated on defendants on October 20, 2020, at defendants' business address in Clark, which was supported by affidavits of service.

Default was entered and the trial court scheduled a proof hearing for April 20, 2021. Plaintiff's counsel notified defendants of the virtual hearing date with Zoom instructions by regular mail again at the same address. Defendants failed to appear, and the court entered final default judgment in the amount of $325,000

and a memorializing order on April 27, 2021. In an April 29, 2021 letter, plaintiff's counsel served defendants with a copy of the order entering final judgment by default by regular mail. In contrast, defendants claim neither a notice of motion for default judgment nor the order entering final judgment by default was served. Thereafter, a writ of execution was entered on July 13, 2022. The county sheriff's affidavit of service dated October 25, 2022 shows defendants were again served at the same business address and noted "defendant will contact attorney."

On August 9, 2023, defendants moved to vacate the default judgment. Plaintiff opposed. Following oral argument on September 8, 2023, the motion court denied defendants' motion, finding plaintiff established defendants had been served with the complaint and failed to answer. The court also found no procedural or substantive due process basis to vacate the default judgment to be vacated. Lastly, the motion court found no "demonstration of [a] meritorious defense" and no "excusable neglect" when defendants were served with the complaint and did nothing since 2020.

On appeal, defendants contend they were not properly served with the request for entry of default, notice of motion for a default judgment, notice of the scheduled proof hearing, and the order of entry of final judgment until the

3

writ of execution was served by the county sheriff's officer. Defendants argue that plaintiff "made no attempts to communicate with" them after the complaint was served, and therefore "believed" plaintiff's complaint had been dismissed or abandoned. Defendants focus on the language in the April 27[1] entry of final judgment order directing plaintiff's counsel to service the order by regular and certified mail and argues improper service because defendants did not receive a copy of that order by certified mail. Defendants further contend their motion to vacate was both proper and timely pursuant to Rule 4:50-1(d) and Rule 4:50-2. We are not persuaded by defendants' contentions and find them wholly without merit. R. 2:11-3(e)(1)(E).

We review the trial court's decision on a motion to vacate a default judgment for abuse of discretion. US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "The trial court's determination under [Rule 4:50-1] warrants substantial deference," and the abuse of discretion must be clear to warrant reversal. Ibid.

Rule 4:50-1(d) permits a party to vacate a default judgment by demonstrating the judgment or order is void. In such cases, the movant has "the

---

[1] In defendants' merits brief, defendants cite the April 27, 2021 order as April 23, 2021. The order however contains a typographical error, and we take judicial notice of the filing date as April 27, 2021.

A-0488-23

overall burden of demonstrating that its failure to answer or otherwise appear and defend should be excused." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003). A motion brought under this rule "shall be made within a reasonable time, . . . after the judgment, order[,] or proceeding was entered or taken." R. 4:50-2.

The trial court denied defendants' motion to vacate the default judgment because of defendants' inaction after the complaint was filed. The court found plaintiff's service of notice of default, entry of default and the proof hearing by mail was proper. The court reasoned that a "reasonable time" of defendants to respond had "long passed" because defendants moved to vacate almost a year after the writ of execution had been served. During oral argument, defendants offered no explanation regarding the ten-month delay in moving to vacate the default judgment after the writ of execution was served. Instead, defendants argued that at the time, they were unrepresented and more attention to the court rules were required regarding the filing of any notices and motions. The lack of explanation regarding the passage of time provided no factual predicate to establish defendants delay in filing the motion was reasonable and because defendants failed to satisfy their burden, defendants were not entitled to the requested relief.

5

We conclude the trial court's ruling is supported by sufficient evidence in the motion record. We, however, depart with the court's reasoning that defendants were required to show a meritorious defense. In a motion to vacate pursuant to Rule 4:50-1(d), a movant is not required to demonstrate a meritorious defense to obtain relief. Jameson, 363 N.J. Super. at 425. Nonetheless, the court properly denied defendant's motion to vacate given the fatal flaws, and we discern no abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION