**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3751-22

MIDLAND FUNDING LLC,

    Plaintiff-Respondent,

v.

AFEEZ AYINDE,

    Defendant-Appellant.

_____

Argued August 13, 2024 – Decided October 11, 2024

Before Judges Mayer and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. DC-007497-18.

Mark Jensen argued the cause for appellant (Kim Law Firm LLC, attorneys; Yongmoon Kim and Mark Jensen, on the briefs).

Han Sheng Beh argued the cause for respondent (Hinshaw & Culbertson, LLP, attorneys; Han Sheng Beh, on the brief).

PER CURIAM

In this credit card collection lawsuit, defendant Afeez Ayinde appeals from two Law Division orders: a May 5, 2023 order denying defendant's motion to vacate a bank levy and default judgment and a July 14, 2023 order denying defendant's motion for reconsideration. We affirm.

We glean the relevant facts from the motion record. Defendant defaulted on credit card debt owed to Credit One Bank, N.A., which was purchased by plaintiff Midland Funding LLC. On May 31, 2018, plaintiff filed a complaint against defendant, seeking the outstanding balance of $871.10, plus costs. Pursuant to Rule 6:2-3(a), the clerk of the court served the complaint on defendant by regular and certified mail at his last known address in Union. The regular mail was not returned, and the certified mail was returned as "unclaimed" by the post office. In his certification, defendant attested that he no longer resided in Union as of 2012 and moved to Carteret in April 2018.

Defendant failed to file an answer or otherwise respond to the complaint. Plaintiff requested the entry of a default judgment, which was subsequently entered by the court clerk on August 14, 2018. Thereafter, on September 21, 2018, plaintiff obtained a writ of execution against bank funds in defendant's name. Defendant did not respond to any of the notices sent by regular mail to the Union address. In seeking to vacate the bank levy and default judgment

defendant certified that he "did not receive [s]ervice of [p]rocess" and had no knowledge of the proceedings against him until plaintiff levied his bank account in October 2018.

Thereafter, writs of execution were entered on October 30, 2020 against defendant's wages and on December 16, 2022 against defendant's goods and chattels. In March 2023, plaintiff filed a motion to turnover funds to satisfy the judgment. Plaintiff continued to mail notices to the Union address. The next month, defendant moved to vacate the bank levy and default judgment, which plaintiff opposed.

In an oral opinion on May 5, 2023 accompanied by an order, the trial court denied defendant's motion, finding defendant's motion to vacate was "untimely" and "no explanation was offered" for the lengthy delay. Defendant then moved for reconsideration of the May 5 order. In a comprehensive oral opinion rendered on July 14, 2023 denying defendant's motion, the court found defendant (1) impermissibly attempted to enlarge the record by stating that he was not aware of the judgment until February 2023, (2) Rule 4:50-2 required a motion to vacate be brought within one year, and (3) waived the lack of personal jurisdiction defense because it was not raised within a reasonable time.

A-3751-22

On appeal, defendant argues the trial court abused its discretion in finding (1) the default judgment was not void pursuant to Rule 4:50-1(d) and (2) the default judgment was not void pursuant to Rule 4:50-1(f). We disagree and affirm.

A trial court's decision to grant or deny a motion to vacate default judgment will not be disturbed absent a clear abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466-67 (2012); Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). "The trial court's determination under the rule warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion." Guillaume, 209 N.J. at 467. To show an abuse of discretion, the moving party must demonstrate the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

When a default judgment has been entered, the party seeking to vacate it "must meet the standard of Rule 4:50-1." Guillaume, 209 N.J. at 467. Rule 4:50-1(d) permits a party to vacate a default judgment by demonstrating the judgment or order is void. In such cases, the movant has "the overall burden of

demonstrating that its failure to answer or otherwise appear and defend should be excused." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003).  A motion brought under this rule "shall be made within a reasonable time, . . . after the judgment, order[,] or proceeding was entered or taken."  R. 4:50-2.

Here, the trial court denied defendant's motion to vacate the bank levy and the default judgment because defendant offered no reasonable explanation for his nearly four and a half years of inaction.  Specifically, defendant offered no explanation for delay in moving to vacate the bank levy or the default judgment until after the writ of execution was served in October 2018.  Instead, defendant contends that he was not properly served with the 2018 complaint, asserting that he did not live in Union at the time the complaint or the subsequent notices and pleadings were served.  Defendant argues the judge should have focused on plaintiff's non-compliance with the court rules and the notices should have been sent by regular and certified mail but were not.  The record, however, does not support defendant's argument.  The regular mail serving the complaint and other notices were not returned, and the certified mail forwarding those documents were marked "unclaimed;" thus, service was effective pursuant to Rule 6:2-

3(d)(4). We are satisfied defendant failed to meet the requisite standard by providing a factual basis the significant delay in filing the motion to vacate.

Under Rule 4:50-1(f), relief is available only when truly exceptional circumstances are present and when no other subsection of the rule applies. 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 367 (App. Div. 2023). As noted above, defendant failed to present a reasonable explanation for the lengthy delay in moving to vacate the bank levy and the default judgment. Defendant's renewed argument regarding service of process does not establish exceptional circumstances under Rule 4:50-1(f) for vacating the default judgment. Therefore, we reject defendant's arguments as lacking merit. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3751-22