**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2122-24

ZACHARY L. KRAMER,

     Plaintiff-Respondent,

v.

B&C TOWING,

     Defendant-Appellant.

_____

         Submitted December 2, 2025 – Decided December 10, 2025

         Before Judges Susswein and Chase.

         On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. SC-001453-24.

         PinilisHalpern, LLP, attorneys for appellant (Gabriel H. Halpern, of counsel and on the briefs).

         Zachary L. Kramer, self-represented respondent.

PER CURIAM

Defendant B&C Towing appeals from the Special Civil Part March 13, 2025 order denying its motion to vacate a default judgment. We vacate and remand.

I.

On August 14, 2024, defendant towed plaintiff's car at the request of Newark Police due to illegal parking. Plaintiff alleges defendant damaged his car, causing $4,416.01 in losses. He filed a claim in the Small Claims Section of the Special Civil Part.

On October 24, 2024, the court entered a default judgment because defendant failed to appear at trial. That same day, the court held a proof hearing and awarded plaintiff $4,416.01 in damages.[1]

In December, defendant moved to vacate the default judgment. The court denied that motion to vacate, finding that defendant had not provided proof of service. Defendant then filed for reconsideration, attaching two certifications regarding service of the original motion on plaintiff.

On March 13, 2025, the court granted reconsideration, reviewed the merits, but again denied defendant's motion to vacate. The court concluded that

---

[1] Defendant has not provided a transcript from the default or the proof hearing.

A-2122-24

defendant failed to show the existence of a meritorious defense under Rule 4:50-1(a).

This appeal follows.

II.

We recognize that a decision to vacate a default final judgment under Rule 4:50-1 lies within "the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176 N.J. 201, 207 (2003). Hence, we review a motion to vacate final judgment under Rule 4:50-1 for an abuse of discretion. 257-261 20th Ave. v. Roberto, 259 N.J. 417, 436 (2025). "A court abuses its discretion 'when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Parke Bank v. Voorhees Diner Corp., 480 N.J. Super. 254, 262 (App. Div. 2024) (quoting Mims v. City of Gloucester, 479 N.J. Super. 1, 5 (App. Div. 2024)). We need not defer to "a decision based upon a misconception of the law." State v. S.N., 231 N.J. 497, 515 (2018) (quoting State v. C.W., 449 N.J. Super. 231, 255 (App. Div. 2017)).

Rule 4:50-1 offers litigants a broad opportunity for relief from a final judgment or order:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal

representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

[Ibid.]

"A default judgment will be considered void when a substantial deviation from service of process rules has occurred, casting reasonable doubt on proper notice." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003). Therefore, a motion to vacate a default judgment for lack of service is governed by Rule 4:50-1(d), which authorizes a court to relieve a party from a final judgment if "the judgment or order is void." Ibid. "If a judgment is void in this fashion, a meritorious defense is not required to vacate under the rule." M & D Associates v. Mandara, 366 N.J. Super. 341, 353 (App. Div. 2004) (citing Jameson, 363 N.J. Super. at 425).

4

In contrast, <u>Rule</u> 4:50-1(a) "requir[es] a showing of excusable neglect and a meritorious defense." <u>US Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 468 (2012). We have found that there is a meritorious defense where a party provides a proper defense with legal justification to the opposing party's claim. <u>T & S Painting & Maint. v. Baker Residential</u>, 333 N.J. Super. 189 (App. Div. 2000). "Normally, [the] failure to plead the details of what the meritorious defense is would be fatal to an application for reopening of a judgment." <u>Marder v. Realty Constr. Co.</u>, 84 N.J. Super. 313, 318-19 (App. Div. 1964).

In applying <u>Rule</u> 4:50-1(a) instead of <u>Rule</u> 4:50-1(d) to the motion to vacate default judgment for lack of service, the court mistakenly exercised its discretion. Therefore, we vacate and remand.

On remand, the court should determine the sufficiency of service of process. <u>Rule</u> 6:2-3(b) governs the manner of service in the Special Civil Part. The clerk of the court is permitted to serve process by mail, if the process is mailed simultaneously by both certified and ordinary mail. <u>R.</u> 6:2-3(d)(1). Moreover, under <u>Rule</u> 6:2-3(d)(4), such service is effective "if the certified mail is returned to the court marked 'unclaimed' or 'refused,' . . . provided that the ordinary mail has not been returned," and is based on the recognized presumption that "mail properly addressed, stamped, and posted was received

5

by the party to whom it was addressed." SSI Med. Servs., Inc. v. HHS, Div. of Med. Assistance & Health Servs., 146 N.J. 614, 621 (1996).

Defendant also contends the default should be set aside because the judgment was never served on them as required by Rule 6:6-3(e). In any event, the argument is clearly "without sufficient merit to warrant discussion in a written opinion," Rule 2:11-3(e)(1)(E), as this was not a judgment entered by the clerk in an application for default judgment but an order after a proof hearing. See R. 6:6-3(a) and (b).

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-2122-24