**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3901-23

LVNV FUNDING LLC,
SUCCESSOR IN INTEREST
[SOFI LENDING CORP.,
ORIGINAL CREDITOR],

     Plaintiff-Appellant,

v.

JONATHAN CARRASCO,

     Defendant-Respondent.

_____

       Argued April 15, 2026 – Decided May 20, 2026

       Before Judges Currier and Jablonski.

       On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7552-23.

       Jesse R. Barreiro argued the cause for appellant (Pressler, Felt & Warshaw, LLP, attorneys; Donald V. Valenzano, Jr. and Michael J. Peters, on the briefs).

       Lawrence C. Hersh argued the cause for respondent.

PER CURIAM

Plaintiff LVNV Funding, LLC ("LVNV") appeals from a Law Division order dismissing its complaint and ordering the complaint be filed in another vicinage. We affirm.

I.

Defendant Jonathan Carrasco obtained a $60,000 personal loan from Sofi Lending. Under the terms of the agreement, Carrasco was obligated to repay the lender $1,649.86 over the following forty-eight months. At the time the loan was negotiated, Carrasco lived in Kearny. The debt was ultimately assigned to LVNV that sued to recover the unpaid balance after Carrasco defaulted on his payment obligation. LVNV brought the action in Essex County.

After the complaint was filed, a court clerk issued a deficiency notice and informed LVNV that the complaint may have been filed in the improper venue, noting Carrasco's residence in Hudson County as reflected in the pleadings. LVNV, through Essex County Sheriff's Officer Daniel Deamorim, attempted to serve Carrasco with the summons and complaint at an address in Newark. Off. Deamorim did not serve Carrasco personally. Rather, the officer left a copy of the pleadings with a person named "Jess" at the Newark address whom Off. Deamorim described in the paperwork as Carrasco's "friend/roommate."

A-3901-23

Instead of filing an answer, Carrasco moved to dismiss the complaint and to quash the summons and the pleadings because the complaint was filed in Essex County despite the fact that he resided in Kearny, in Hudson County. Carrasco also sought to quash service of the summons and complaint, asserting that he neither resided nor had he ever lived at the Newark address where "Jess" was served. LVNV opposed the motion and noted service was proper because Jess was Carrasco's sister-in-law and Carrasco's in-laws owned the Newark residence. LVNV further contended that Carrasco's certification denying he lived in Newark was insufficient to invalidate service, that he failed to provide his current address, and that the court should have held a plenary hearing to address the factual dispute. Carrasco certified, in reply, he continuously resided in Kearny, had never lived in Newark, and was living in Kearny when the loan was issued and when the summons and complaint were served in Newark.

The motion judge granted Carrasco's motion, dismissed the complaint for lack of service and because it was filed in an improper venue, and quashed service of the summons and complaint. The motion judge specifically directed LVNV refile the matter in Hudson County.

Rather than following the court's instructions, LVNV moved for reconsideration and argued the judge should have convened a plenary hearing to

3

resolve what it asserted were disputed facts. Carrasco responded that service upon a roommate or someone at the residence is only valid if a defendant actually lived at that address at which substituted service occurred. He argued there was no factual evidence that he ever lived in Newark. The judge denied the motion for reconsideration.

LVNV appealed, arguing the motion judge misapplied her discretion in denying both motions. Before oral argument, LVNV, through counsel, informed us that it no longer wished to pursue its request for a plenary hearing before the motion court.

## II.

"It is elementary that service must be accomplished in accordance with the pertinent rules in such a way as to afford 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003) (quoting Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 97 (App. Div. 1998)).

"The primary method of obtaining [personal] jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to [Rule] 4:4-3." U.S. Bank Nat'l Ass'n v. Curcio, 444

A-3901-23

N.J. Super. 94, 105 (App. Div. 2016) (quoting R. 4:4-4(a)). Rule 4:4-3(a) requires that a summons and complaint be served "by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult not having a direct interest in the litigation."

The person serving the complaint and summons must submit proof of service in the form of an affidavit. R. 4:4-7. The return of service creates a "presumption that the facts recited therein are true." Jameson, 363 N.J. Super. at 426 (quoting Resol. Tr. Corp. v. Associated Gulf Contractors, Inc., 263 N.J. Super. 332, 343 (App. Div. 1993)); see also Intek Auto Leasing, Inc. v. Zetes Microtech Corp., 268 N.J. Super. 426, 433 (App. Div. 1993) (finding that service by a process server authorized by the court is entitled to a presumption of validity). This presumption may only be rebutted by clear and convincing evidence establishing the return is false. Jameson, 363 N.J. Super. at 426.

LVNV's argument is flawed because it relies on the incorrect factual premise that Carrasco had some connection to the premises sufficient to establish that he would ultimately receive the summons and complaint, thereby ensuring due process. Nothing in the record, however, presented to the trial court demonstrates that any attempt was made to serve defendant directly at the

Kearny address or that service on Jess would have been a means sufficient for him to receive the process.

Despite having information that Carrasco was living in Kearny, LVNV instead took substantial efforts — including detailed forensic investigations — to ascertain an address at which Carrasco might have resided in Newark. The record does not indicate that service in Kearny failed or had even been attempted. LVNV failed to make any prima facie showing Carrasco had even minimal contacts with the residence at which Off. Deamorim served the summons and complaint. Therefore, because the original service and accompanying affidavit was flawed, the presumption of truthfulness does not apply and the burden of disproving valid service cannot shift to Carrasco. We discern no error in the trial court's conclusion that LVNV failed to obtain personal jurisdiction over Carrasco.

Therefore, we discern no error in the trial judge's orders dismissing the complaint, directing LVNV to file in the proper county that would have jurisdiction over this dispute, and denying reconsideration.

To the extent we have not expressly addressed any of plaintiff's remaining issues, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-3901-23

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3901-23