**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2355-24

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE,
FOR NATIXIS REAL ESTATE
CAPITAL TRUST 2007-HE2
MORTGAGE PASSTHROUGH
CERTIFICATES, SERIES 2007-HE2,

     Plaintiff-Respondent,

v.

ALFRED BOEVI LAWSON,

     Defendant-Appellant,

and

PROBATION SERVICES and FORD
MOTOR CREDIT COMPANY,
LLC,

     Defendants,

and

CHRISTOPHER FASHOLA,

     Defendant/Intervenor.

_____

Submitted April 16, 2026 – Decided June 26, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-016363-15.

Alfred Boevi Lawson, self-represented appellant.

Hinshaw & Culbertson LLP, attorneys for respondent (Ashley R. Newman and Marissa Edwards, on the briefs).

PER CURIAM

In this residential mortgage foreclosure action, defendant Alfred Boevi Lawson appeals from three Chancery Division orders: 1) the February 20, 2025 order denying his motion to stay eviction, vacate the sheriff's sale, and vacate final judgment entered on January 8, 2018; 2) the February 25, 2025 order denying reconsideration of that order; and 3) the February 25, 2025 order granting the stay of eviction as to the second-floor tenants only.

I.

In November 2006, defendant executed an adjustable-rate note with Rose Mortgage, Inc. for $399,500 with an initial interest rate of 9.7% for the two-unit property at 110 Fabyan Place in Newark. Defendant resided in the first-floor unit. In October 2008, the recorded mortgage was assigned to plaintiff Deutsche

2

A-2355-24

Bank National Trust Company (Deutsche Bank), as trustee, for Natixis Real Estate Capital Trust 2007-HE2 Mortgage Pass-Through Certificates, Series 2007-HE2. That same month, defendant executed a loan modification agreement, acknowledging an outstanding balance of $396,082.06 and a "stated balloon amount" of $15,990.71.

In May 2015, Deutsche Bank filed a foreclosure complaint in the Chancery Division, alleging defendant had defaulted on the mortgage as of February 2009. Deutsche Bank further asserted it had notified defendant of the default and its intent to accelerate the loan if the default was not cured. Defendant, both represented by counsel and self-represented, timely answered and litigated the matter.

On January 8, 2018, the court entered final judgment, finding defendant owed $746,665.17, plus interest accrued since October 15, 2017. The court also awarded attorney's fees and costs of $7,500.

The initial sheriff's sale was scheduled for July 2018 but was adjourned due to multiple Chapter 13 bankruptcy filings by defendant, all of which were subsequently dismissed. Between May 2019 and February 2023, the sheriff's sale was rescheduled several times, and all notices were sent to defendant via first-class and certified mail, with return receipt requested.

The sale ultimately proceeded on February 21, 2023, and the sheriff's deed was recorded the following day, transferring title to Deutsche Bank. On October 11, 2023, the court executed a writ of possession. More than one year later, on December 11, 2024, defendant moved to vacate the eviction order and stay the eviction. The court granted the stay, adjourning the eviction from December 12, 2024, to January 7, 2025.

In January 2025, defendant moved to vacate the entry of final judgment of foreclosure pursuant to Rule 4:50-1(b), (c), and (f); the judgment of possession; and the order of eviction. He also sought to stay the eviction pursuant to Rule 4:52-1. Defendant told the court he was unable to appear in person for argument but could participate by telephone.

Despite several attempts by the court to reach defendant by phone on the day of the hearing, he could not be contacted. After hearing from Deutsche Bank's counsel, the court denied defendant's motion in its entirety. In its oral decision, the court noted defendant presented no argument about what he wanted to do. Citing Rule 4:50-1, the court found the motion contained no grounds for relief. The court also found no evidence of misrepresentations or extraordinary circumstances that would justify vacating the judgment more than two years after the property sale and seven years after entry of final judgment.

A-2355-24

The court further observed, even if the motion was construed as a second motion for reconsideration, it was procedurally deficient because it was not filed within the twenty-day period required by Rule 4:49-2. In addition, defendant did not meet the standard for reconsideration set forth in Cummings v. Barr, 295 N.J. Super. 374 (App. Div. 1996).

Lastly, the court determined defendant was, in effect, seeking a stay of the eviction. The court found defendant had not met the standard for emergent relief under Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982). It reasoned the matter had been thoroughly and fully litigated, and Deutsche Bank had been unable to execute the judgment due to defendant's actions. Accordingly, the court denied the request for a stay.

Defendant moved a third time for reconsideration, arguing he was improperly barred from filing a reply brief, was denied the opportunity to be heard at the initial hearing, and did not receive proper notice under N.J.S.A. 2A:50-64(4). In denying the motion, a different motion court found there was "absolutely" no basis to vacate a seven-year-old judgment because defendant had not met the standard under Rule 4:49-2. Citing relevant case law, the court determined the initial motion court, after providing detailed reasons and a

thorough history, had not abused its discretion. Defendant was evicted on February 25, 2025.

Later that afternoon, the court conducted a hearing regarding the execution of the writ of possession. Deutsche Bank stated it was unaware of tenants occupying the second-floor unit, and no tenants were listed in the complaint when the foreclosure judgment was entered in early 2018. However, tenants Cecilia and Christopher Fashola[1] had leased the unit since 2012. Unbeknownst to them, defendant no longer owned the property when they entered into a second lease in August 2018, and they continued to pay $1,400 per month to him. Cecilia testified she was not aware of the foreclosure until earlier that morning when she found the February 24, 2025 eviction notice in their mail. The court entered an order staying the eviction as to the Fasholas only, while permitting the Fasholas entry into the premises.

## II.

In his merits brief, defendant raises two arguments for our consideration. He primarily asserts the motion court committed reversible error by declining to vacate the final judgment, which he claims was procured by "direct and material

---

[1] We address Cecilia by her first name given the shared surname. No disrespect is intended.

fraud" on the court and is therefore void under <u>Rule</u> 4:50-1(c).  In addition, the court erred in finding the motion was time-barred under <u>Rule</u> 4:50-2.  He next contends Deutsche Bank's egregious conduct demonstrates extraordinary circumstances and mandates relief under <u>Rule</u> 4:50-1(f).

Relief from a judgment or order under <u>Rule</u> 4:50-1 is "granted sparingly," and in exceptional circumstances.  <u>F.B. v. A.L.G.</u>, 176 N.J. 201, 207 (2003).  A trial court's denial of a motion to vacate is "a determination left to the sound discretion of the trial court, guided by principles of equity."  <u>Ibid.</u>

Thus, we review the denial of a motion to vacate a judgment under <u>Rule</u> 4:50-1 for abuse of discretion.  <u>257-261 20th Ave. Realty, LLC v. Roberto</u>, 477 N.J. Super. 339, 366 (App. Div. 2023) (citing <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012)).  "'A court abuses its discretion when its "decision is made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'"  <u>Pine Ridge Realty Assocs., LLC v. A.O.</u>, 483 N.J. Super. 487, 492 (App. Div. 2026) (quoting <u>State v. Chavies</u>, 247 N.J. 245, 257 (2021)).  However, we review the trial court's legal conclusions de novo.  <u>Hopson v. Cirz</u>, 482 N.J. Super. 232, 251 (App. Div. 2025).

7

Rule 4:50-1 provides, in relevant part, a trial court may relieve a party from a final judgment or order where a showing has been made of, among other things, "fraud, . . . misrepresentation, or other misconduct of an adverse party," or "any other reason justifying relief from the operation of the judgment or order." R. 4:50-1(c), (f). However, the need to reopen a judgment must be established by clear and convincing evidence. Pavlicka v. Pavlicka, 84 N.J. Super. 357, 366 (App. Div. 1964). Under Rule 4:50-2, motions made pursuant to Rule 4:50-1(c) for fraud, misrepresentation, or misconduct "shall be made . . . not more than one year after the judgment, order[,] or proceeding was entered or taken." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021) (quoting R. 4:50-2).

We reject defendant's arguments because he has not met his burden of demonstrating entitlement to relief under Rule 4:50-1. Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425-26 (App. Div. 2003). In denying the initial motion, the court inferred defendant was seeking to vacate the final judgment under Rule 4:50-1. However, the motion was time-barred and did not establish relief was justified under any of the six specified subsections.

On appeal, defendant's argument suffers from the same fatal flaw. Defendant's motion to vacate the final judgment, premised upon both

subsections (c) and (f), was filed seven years after it was entered, well beyond the one-year time limitation for relief under Rule 4:50-2.

As to the merits, defendant offers only a broad assertion of fraud related to the calculation of the outstanding balance due. His argument conflates "fraud upon the court" with fraud under Rule 4:50-1(c), and he misinterprets the definition of fraud on the court as articulated in Triffin v. Automatic Data Processing, Inc., wherein we described it as "some unconscionable scheme calculated to interfere with the judicial system[] . . . by improperly . . . or unfairly hampering . . . the opposing party's claim or defense," leaving a "litigant without a remedy." 394 N.J. Super. 237, 251 (App. Div. 2007) (first quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989); and then citing Baxt v. Liloia, 155 N.J. 190, 210 (1998)). Moreover, the argument is unsupported by the record given the protracted litigation.

Based on our review of the record, defendant has not shown sufficient grounds to vacate the judgment. Defendant contends Deutsche Bank's certification in support of its final judgment "knowingly and improperly" used the initial interest rate, and this alleged misrepresentation and misconduct deceived the court, resulting in an erroneous judgment. However, this argument is unconvincing.

9

Defendant's merits brief contains only conclusory assertions and does not provide clear and convincing evidence of fraud on the court by Deutsche Bank, which is never presumed. Stoecker v. Echevarria, 408 N.J. Super. 597, 617 (App. Div. 2009). Defendant's reliance of Deutsche Bank's certification is insufficient to establish fraud by clear and convincing evidence.

III.

Rule 4:50-1(f) is a "catch-all" provision incapable of categorization. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009). Subsection (f) is grounded in equity, and as such, the court must take into account all relevant circumstances in deciding whether a judgment must be reopened to correct an injustice. US Bank Nat'l. Ass'n, 209 N.J. at 484. It allows for relief in exceptional situations where no other subsection of the rule applies. 257-261 20th Ave. Realty, LLC, 477 N.J. Super. at 367.

"[M]otions under subsection (f) must be brought within a 'reasonable time,' which could be more or less than one year after the judgment, depending on the circumstances." Romero, 468 N.J. Super. at 296. "[A] reasonable time is determined based upon the totality of the circumstances." Ibid. Rule 1:3-4 bars any expansion of the time limitations in Rule 4:50-2.

We likewise reject defendant's argument Deutsche Bank engaged in an "undeniable and continuing pattern of submitting wildly contradictory sworn financial court proceedings." Defendant again cannot overcome the procedural time bar and has not demonstrated exceptional circumstances. He has also failed to establish any hardship. Accordingly, the motion court properly exercised its discretion in denying defendant's motion to vacate the final judgment.

IV.

Lastly, we turn to defendant's contention the court erred in denying reconsideration. Motions for reconsideration are reviewed for a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). We discern no error in the court's denial of defendant's third motion for reconsideration, which amounted to the proverbial "second bite at the apple" to relitigate the same issues. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994).

To the extent we have not specifically addressed any of defendant's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-2355-24