**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0048-24

LVNV FUNDING LLC,

     Plaintiff-Respondent,

v.

MIATTA KABA,

     Defendant-Appellant.

_____

> Argued October 7, 2025 – Decided November 13, 2025
>
> Before Judges Firko and Vinci.
>
> On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. DC-000218-21.
>
> Mark H. Jensen argued the cause for appellant (Kim Law Firm LLC, attorneys; Yongmoon Kim and Mark H. Jensen, on the briefs).
>
> Austin P. O'Brien (J. Robbin Law, PLLC) argued the cause for respondent.

PER CURIAM

Defendant Miatta Kaba appeals from a July 22, 2024 order denying her motion to vacate default judgment. We affirm substantially for the reasons set forth in Judge William Anklowitz's thorough and well-reasoned oral and written opinions.

On March 10, 2017, defendant obtained a Victora's Secret credit card. In October 2018, she defaulted by failing to pay amounts due. On May 15, 2019, plaintiff LVNV Funding LLC acquired all rights, title, and interest in defendant's account, debt, and cardholder agreement.

On January 18, 2021, plaintiff filed this action in the Special Civil Part seeking judgment in the amount of $676.92, plus costs. Pursuant to Rule 6:2-3(b), service of process was "made in accordance with R[ule] 6:2-3(d)." In accordance with Rule 6:2-3(d)(1), on January 19, 2021, the clerk of the court served defendant by "simultaneously mail[ing] such process by both certified and ordinary mail" to her residence on Greenwood Avenue in Trenton. Defendant concedes she was living at that address when the summons and complaint were served. According to the court records, the regular mail was not returned, and the disposition of the certified mail is unknown.

Defendant failed to answer the complaint. On March 17, 2021, the court entered final judgment by default in the amount of $762.46. On March 23, 2021,

2

plaintiff sent defendant a notice of entry of judgment and information subpoena by regular and certified mail. Defendant did not respond to the subpoena.

On July 9, 2021, plaintiff served a notice of application for wage execution on defendant by regular and certified mail. On July 28, 2021, the judge issued the writ of execution against defendant's wages, and a court officer served the writ on defendant's employer. On September 16, 2021, defendant's employer filed an answer acknowledging service of the writ and confirming defendant was a current employee.

On March 22, 2022, plaintiff sent defendant a second information subpoena by regular and certified mail. Defendant did not respond. On April 27, 2023, plaintiff sent defendant a third information subpoena by regular and certified mail. Defendant did not respond.

On November 21, 2023, the judge granted plaintiff's application for a writ of execution on defendant's goods and chattels. On February 1, 2024, a court officer executed an affidavit of levy on defendant's bank account in the amount of $444.57 and mailed a copy of the notice of levy to defendant. On March 4, 2024, plaintiff filed a motion for turnover of funds based upon the levy and served defendant by regular and certified mail. Defendant did not oppose the motion. On March 22, 2024, the judge granted the motion.

A-0048-24

On April 22, 2024, a court officer executed an affidavit of levy on defendant's bank account in the amount of $509.60 and mailed a copy of the notice of levy to defendant. On May 14, 2024, plaintiff filed a motion for turnover of funds based upon the levy and served defendant by regular and certified mail. Defendant did not oppose the motion. On June 7, 2024, the judge granted the motion.

On June 19, 2024, defendant filed a motion to vacate default judgment pursuant to Rule 4:50-1. She argued the final judgment was void because she "never received the [c]omplaint or [s]ummons . . . and did not know [she] was being sued."

In support of that argument, she relied on information obtained from the United States Postal Service (USPS) tracking website indicating the summons and complaint served by the court clerk was "not yet in [the] system." Defendant claimed she learned "this matter was pending against [her]" on "February 1, 2024, when [her] . . . [bank] [a]ccount was levied in the amount of $444.57." She also argued the judgment was void because plaintiff violated the New Jersey Consumer Financing Licensing Act (NJCFLA), N.J.S.A. 17:11C-1 to -49.

On July 22, 2024, after hearing oral argument, Judge Anklowitz entered an order denying the motion supported by oral and written opinions. The judge

4

determined defendant's motion was not filed within "a reasonable time" as required by Rule 4:50-2. Specifically, it was filed "more than three years after being served and two motions to turnover that paid the writ in full" and therefore "[was] too late." The judge found defendant "slept on [her] rights" and "[t]here is nothing inherently wrong with paying back the loan" because "[d]efendant [has] never so much as denied borrowing the money."

The judge concluded service was proper because "[n]either the certified [mail] nor regular mail were returned" and "[t]hat is presumptive good service." Moreover, defendant confirmed the address the clerk used was correct. The judge determined the "[e]lectronic markings from the" USPS were "not reliable" and defendant did not proffer a "certification or testimony from anyone at the [USPS] to explain what the markings on the website mean."

On appeal, defendant argues the "court abused its discretion in ruling that the default judgment is not void pursuant to" Rule 4:50-1(d) and (f). Specifically, defendant contends the judgment is void because she "never received the [c]omplaint or [s]ummons." She also contends she is entitled to relief under Rule 4:50-1(f) because she has a defense that was not asserted. We are unconvinced.

A-0048-24

"We review a motion under Rule 4:50-1 to vacate final judgment under an abuse of discretion standard." 257-261 20th Ave. Realty, LLC v. Roberto, 477 N.J. Super. 339, 366 (App. Div. 2023) (citing U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). "The trial court's determination under [Rule 4:50-1] . . . should not be reversed unless it results in a clear abuse of discretion." Guillaume, 209 N.J. at 467.

To establish a right to relief under Rule 4:50-1(d), a movant must show "the judgment or order is void." A judgment may be set aside as void, for example, if the court lacked personal jurisdiction, Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86 (1988), or lacked subject matter jurisdiction. See Bank v. Kim, 361 N.J. Super. 331, 339 (App. Div. 2003). Errors, even "gross errors committed by a court in reaching a decision do not render the court's judgment or order void." Hendricks v. A.J. Ross Co., 232 N.J. Super. 243, 248–49 (App. Div. 1989) (citation omitted).

Rule 4:50-1(f) has been described as a catch-all provision, and in "'exceptional cases its boundaries are as expansive as the need to achieve equity and justice.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 270 (2009) (quoting Ct. Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). Relief under Rule 4:50-1(f) is available only when "truly exceptional circumstances are present," because of

the "importance that we attach to the finality of judgments." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). Not only must the movant "demonstrate the circumstances are exceptional" but also that "enforcement of the judgment or order would be unjust, oppressive[,] or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999).

Motions pursuant to Rule 4:50-1(d) and (f) "shall be made within a reasonable time, . . . after the judgment, order or proceeding was entered or taken." R. 4:50-2. "[A] reasonable time is determined based upon the totality of the circumstances. . . ." Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). The court "has the discretion to consider the circumstances of each case." Ibid.

"The Rule[s are] designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillaume, 209 N.J. at 467 (internal quotation marks omitted). The length of time between entry of the default judgment and moving to vacate should be considered in determining whether to grant relief. Reg'l Constr. Corp. v. Ray, 364 N.J. Super. 534, 541 (App. Div. 2003).

A-0048-24

There is no basis for us to disturb the judge's determination that defendant's motion was not filed within a reasonable time as required by Rule 4:50-2. As the judge noted, the motion was filed three years after final judgment was entered. In the intervening years, defendant received numerous motions, subpoenas, and notices served by regular and certified mail to her home address. Among them was a notice of wage execution that was served on defendant and her employer in 2021. The judge's finding that defendant slept on her rights and filed her motion too late was based on the totality of the circumstances, including overwhelming evidence in the record.

We are also satisfied the judge correctly determined defendant was properly served by the court clerk. The clerk simultaneously mailed the summons and complaint to defendant by regular and certified mail as required by Rule 6:2-3(b) and Rule 6:2-3(d)(1). The simultaneous mailing constitutes effective service unless the mail is: (1) "returned to the court by the postal service with a marking indicating it has not been delivered" or (2) "the court has other reason to believe that service was not effected." R. 6:2-3(d)(4).

A presumption of effective service is created by a mailing that complies with the provisions of Rule 6:2-3(d), and is based on the recognized presumption that "mail properly addressed, stamped, and posted was received by the party to

A-0048-24

whom it was addressed." SSI Med. Servs., Inc. v. HHS, Div. of Med. Assistance & Health Servs., 146 N.J. 614, 621 (1996). If evidence tending to disprove effective service is presented, the presumption of effective service is eliminated from the case. Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 426-27 (App. Div. 2003).

The summons and complaint were mailed to defendant's correct address and neither the regular nor certified mail was returned. The judge did not misapply his discretion by finding the information defendant obtained from the USPS website was not reliable. The judge correctly concluded the presumption of effective service applied and defendant failed to rebut that presumption.

We are also convinced the judge did not misapply his discretion by denying defendant's motion on the merits. Defendant failed to demonstrate the judgment was void as required by Rule 4:50-1(d) because she was properly served. Defendant's claim she had a defense that was not asserted does not render the judgment void.

Relief under Rule 4:50-1(f) is available only when the movant demonstrates "the circumstances are exceptional" and that "enforcement of the judgment or order would be unjust, oppressive or inequitable." Johnson, 320 N.J. Super. at 378. There is nothing unjust, oppressive, or inequitable about

9

compelling defendant to pay the judgment.  As the judge aptly noted, defendant has never denied she incurred the debt.  Defendant failed to demonstrate exceptional circumstances sufficient to justify relief under Rule 4:50-1(f).

To the extent we have not specifically addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

_M.C. Harley_

Clerk of the Appellate Division

A-0048-24